```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

FREDERICK BANKS,               *
                               *
                               *
    Plaintiff,                 *
                               *
vs.                            *    CIVIL ACTION NO.15-00281-WS-B
                               *
                               *
TIMOTHY PIVNICHNY, et al.,     *
                               *
    Defendants.                *
```

## REPORT AND RECOMMENDATION

Plaintiff, Frederick Banks, proceeding pro se, initiated this action by filing a handwritten complaint and an application to proceed without prepaying fees. (Docs. 1, 2). This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule S.D. Ala. GenLR 72.2(a)(2)(R). For the reasons set forth below, it is RECOMMENDED that this action be **dismissed** without prejudice, and that Bank's application be **denied** as moot.

### Background

Banks filed this action against seventy-eight defendants, including various Federal judges, Federal agencies, Federal officials, political figures, and a variety of other individuals for alleged violations of his rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and the Sioux

Treaty of Fort Laramie. (Doc. 1).[1] Banks, who lists a Pittsburgh, Pennsylvania address, seeks declaratory judgment and an award of monetary damages in the amount of $500,000,000. (Id.).

The allegations in Banks' complaint concern events that are alleged to have occurred in 2003 and 2004, and that primarily involved FBI Special Agent Timothy Pivnichny. (Id.) Banks alleges that during an FBI interview conducted by Pivnichny, Pivnichny pointed a loaded gun at Banks' fiancée in order to intimidate her and elicit testimony from her against Banks. (Id.). Banks further alleges that Pivnichny attempted to set him up, and that the other Defendants covered up the events, and failed to investigate Banks' allegations. (Id.) Research on Pacer reveals that Banks has filed substantially similar lawsuits in District Courts across the United States, and that several have been rejected on a multitude of grounds, including for improper venue, failure to state a claim, and frivolousness. Banks v. Pivnichny, 2015 U.S. Dist. LEXIS 81072 (June 2, 2015); Banks v. Pivnichny, 2015 U.S. Dist. LEXIS 80324 (M.D. Ala. June 22, 2015); Banks v. Pivnichny, 2015 U.S. Dist. LEXIS 110987 n. 4 (M.D. Fla. August 21, 2015)(enumerating the identical complaints

---

[1] Included among the named defendants are President Barack Obama, former Secretary of State Hillary Clinton, former Massachusetts Governor Mitt Romney, Senator Richard Burr, the Federal Bureau of Investigation ("FBI"), the Central Intelligence Agency ("CIA"), the United States Senate, the United States Congress, and a several federal judges from various districts.

filed by Banks throughout the country); Banks v. Pivnichny, 2015 U.S. Dist. LEXIS 83594 (D. Idaho June 26, 2015).

Banks has not proffered any facts that suggest that venue is proper in this District. As best the court can discern, the facts giving rise to Banks' claims occurred in the Western District of Pennsylvania, where Banks' fiancée as well as agent Pivnichny are alleged to have resided. Moreover, Banks provides a Pennsylvania address for himself, and he gives no indication that any of the other seventy-eight named Defendants reside in Alabama. Indeed, Banks asserts that Pivnichny was transferred to Florida, and the Court takes judicial notice of the fact that many of the federal judges and other officials named as Defendants are assigned to locations outside of Alabama.

**Discussion**

A district court may raise the issue of defective venue *sua sponte*; thus, a threshold issue before this Court is whether venue is proper in this district. See, e.g., Kapordelis v. Danzig, 387 F. App'x 905, 906-907 (11th Cir. 2010) (affirming *sua sponte* transfer, pursuant to 28 U.S.C. § 1406(a), of pro se prisoner's Bivens action from New York to Georgia), cert. denied, 562 U.S. 1250, 131 S. Ct. 1481, 179 L. Ed. 2d 361 (2011); Berry v. Salter, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001). When venue is improper, under 28 U.S.C. § 1406, a court "shall dismiss, or if it be in the interest of justice, transfer

such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).  To assess venue, the Court first looks to the general venue provisions of 28 U.S.C. § 1391 (b)[2]. Under that statute, a civil action may be filed "in any district in which a defendant resides if all defendants are residents of the State in which the district is located." 28 U.S. C. § 1391. This provision does not establish venue in this district because it does not appear that any of the numerous Defendants named by Banks are residents of the Southern District of Alabama, let alone all of them.

The venue statute also provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28

---

[2] 28 U.S.C. § 1391 (b) provides as follows:

> (b) Venue in general. A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391 (b)

U.S.C. § 1391 (b)(2). As noted *supra*, Banks does not allege that any of the events underlying his claims occurred in the Southern District of Alabama. It instead appears that a substantial portion of the events occurred in the Western District of Pennsylvania.

Because Banks also names several federal employees and agencies, the Court must assess venue under 28 U.S.C. § 1391 (e)[3], which provides that an action against officers, employees and agencies of the United States may be brought in a district in which the defendant resides, in a district where a substantial part of the events giving rise to the claim occurred, or where the plaintiff resides. 28 U.S.C. § 1391 (e)(1). Venue does not exist under either of these provisions because there is nothing in the complaint that suggests that any of the federal officers or employees named in the complaint reside in this district, that any of the events underlying

---

[3] Section 1391(e)(1) provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

Banks' claims occurred in this district, or that Banks resides in this district.

Once the Court determines that venue is lacking, the court must assess whether dismissal or transfer is appropriate. When a plaintiff files an action in the wrong venue, the court must dismiss the case unless the "interests of justice" would be served by transferring the action to a court where the case could have been brought or to dismiss the action. 28 U.S.C. § 1406(a). The undersigned finds that while this action could have been filed in the Western District of Pennsylvania, it would not be in the interests of justice to transfer this action to that court[4]. As aptly noted by the Court in Banks v. Pivnichny, 2015 U.S. Dist. LEXIS 85958 (S.D. Ga., June 30, 2015), given that

---

[4] Another consideration is that fact that in Banks v. Pivnichny, 2015 U.S. Dist. LEXIS 81072 (June 2, 2015), Banks filed a near identical complaint in the Middle District of Alabama. After permitting Banks to proceed *in forma pauperis*, Magistrate Judge Walker recommended the dismissal of Banks' complaint on a number of grounds, including that the court lacked jurisdiction to entertain some of his claims, that Banks failed to demonstrate standing to bring some of the claims, and that Banks failed to allege facts setting forth a plausible claim for relief against any of the defendants. The report and recommendation was adopted and the lawsuit dismissed. See Banks v. Pivnichny, 2015 U.S. Dist. LEXIS 80324 (M.D. Ala. June 22, 2015); See also Banks v. Pivnichny, 2015 U.S. Dist. LEXIS 110987 n. 4 (M.D. Fla. August 21, 2015)(enumerating the identical complaints filed by Banks throughout the country); Banks v. Pivnichny, 2015 U.S. Dist. LEXIS 83594 (D. Idaho June 26, 2015)(detailing the inadequacies of Bank's complaint, which is substantially similar to the complaint before this court, and dismissing the complaint for numerous pleading deficiencies)

Banks has already filed the same complaint in the Western District of Pennsylvania, [i]t would only frustrate the interest of justice to stack yet another case onto the considerable pile of cases [Banks] has already pending in the Western District of Pennsylvania. Therefore, the prudent remedy for improper venue in this case is dismissal, without prejudice, rather than transfer." Banks v. Pivnichny, 2015 U.S. Dist. LEXIS 85958 (S.D. Ga., June 30, 2015)(citation omitted). Accordingly, the undersigned RECOMMENDS that this action be **dismissed without prejudice** and that Banks' Application to Proceed Without Costs be **denied** as moot.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the

7

party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **27th** day of **October, 2015.**

                                                    /s/ Sonja F. Bivins_____
                                    **UNITED STATES MAGISTRATE JUDGE**